**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

JIMMY COLON,

        Plaintiff,

v.                        Case No. 6:14-cv-1777-Orl-37KRS

GARDA CL SOUTHEAST, INC.,

        Defendant.

**ORDER**

This cause is before the Court on the parties' Joint Motion for Approval of the Settlement Agreement and Dismissal of Claims with Prejudice (Doc. 26) and on Defendant's Notice of Fully-Executed FLSA Settlement Agreement (Doc. 28).

**BACKGROUND**

In this Fair Labor Standards Act ("FLSA") action, Plaintiff, an "armored transportation driver," claims unpaid overtime wages from Defendant, his former employer. (Doc. 1, ¶¶ 8, 17–24.) The parties now jointly move for approval of a settlement agreement and for dismissal of this action with prejudice. (Doc. 26.)

Upon consideration, the Court finds that the motion is due to be granted.

**STANDARDS**

Congress enacted the FLSA to protect employees from "inequalities in bargaining power between employers and employees." *See Lynn's Food Stores, Inc. v. U.S. ex rel. U.S. Dep't of Labor*, 679 F.2d 1350, 1352 (11th Cir. 1982). To further this congressional purpose, the U.S. Court of Appeals for the Eleventh Circuit has placed "limits on the ability of private parties to settle FLSA lawsuits." *See Nall v. Mal-Motels, Inc.*, 723 F.3d 1304,

1307 (11th Cir. 2013); *Lynn's Food*, 679 F.2d at 1352 (holding that an employee's rights under the FLSA "cannot be abridged by contract or otherwise waived").

In actions brought directly by current and former employees against their employers for unpaid wages under the FLSA, district courts must scrutinize any settlement "for fairness" before dismissing an action. *See Nall*, 723 F.3d at 1306–07; *see also Wolff v. Royal Am. Mgmt., Inc.*, 545 F. App'x 791, 793 (11th Cir. 2013). Specifically, the Court must determine that any settlement "is a fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Lynn's Food*, 679 F.2d at 1355. District courts are afforded discretion in deciding whether to approve an FLSA settlement agreement. *See Rodrigues v. CNP of Sanctuary, LLC*, 523 F. App'x 628, 629 (11th Cir. 2013). If the district court finds that the settlement reflects a fair and reasonable compromise of the issues in dispute, it may approve the settlement "in order to promote the policy of encouraging settlement in litigation." *Lynn's Food*, 679 F.2d at 1354.

## DISCUSSION

After review of the parties' briefing (Doc. 26) and their settlement agreement (Doc. 28-1), the Court finds that the settlement agreement is fair and reasonable, as *Lynn's Food* requires. *See* 679 F.2d at 1355. Briefly, the settlement agreement reflects a fair and reasonable resolution of a bona fide dispute over the applicability of the FLSA's Motor Carrier Act exemption. (*See* Doc. 26, pp. 3–4 (citing 29 U.S.C. § 213(b)).) Likewise, Plaintiff's counsel's $2,000.00 attorney's fee is reasonable, as the parties stipulate that it was "negotiated separately from Plaintiff's recovery and without regard to the amount of Plaintiff's recovery." (*Id.* at 6 (citing *Bonetti v. Embarq Mgmt. Co.*, 715 F. Supp. 2d 1222,

1228 (M.D. Fla. 2009)).) Finally, with one exception,[1] the settlement agreement does not contain any impermissible confidentiality, non-disparagement, non-cooperation, or general-release provisions. *See Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227, 1242 (M.D. Fla. 2010) (disapproving of such provisions); *Moreno v. Regions Bank*, 729 F. Supp. 2d 1346, 1351 (M.D. Fla. 2010) (same). The settlement agreement thus comports with the requirements of *Lynn's Food* and is therefore due to be approved.[2]

## CONCLUSION

Accordingly, it is hereby **ORDERED AND ADJUDGED**:

1. Joint Motion for Approval of the Settlement Agreement and Dismissal of Claims with Prejudice (Doc. 26) is **GRANTED**.

2. FLSA Settlement Agreement and Release (Doc. 28-1) is **APPROVED**.

3. This action is **DISMISSED WITH PREJUDICE**.

4. The Clerk is **DIRECTED** to terminate all deadlines and close the file.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on July 21, 2015.

---

[1] The settlement agreement requires that Plaintiff release "any and all" wage and overtime claims arising under "the Florida Constitution" and "Florida's Minimum Wage Act." (Doc. 28-1, ¶ 4.) That portion of the release is per se unreasonable under *Lynn's Food* because it confers an undeserved benefit upon Defendant without furthering the resolution of any bona fide FLSA dispute. *Moreno v. Regions Bank*, 729 F. Supp. 2d 1346, 1351 (M.D. Fla. 2010). However, the settlement agreement also contains a severability provision. (*See* Doc. 28-1, ¶ 7.) Pursuant to that provision, the Court finds the release provision unenforceable and severed to the extent that it requires the release of wage and overtime claims for damages that were not recoverable under the FLSA.

[2] The Court commends the parties for amicably resolving their dispute in substantial compliance with the *Lynn's Food* fairness requirements.



ROY B. DALTON JR.
United States District Judge

Copies:

Counsel of Record